IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PEDRO J. RODRIGUEZ COLON,

    **Plaintiff,**

vs.                                                        Case No. 4:14cv47-MW/CAS

M. PLISKIN, D. GAY,
and K.W. CLARK,,

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed a second amended civil rights complaint, doc. 9, under 42 U.S.C. § 1983. Plaintiff's second amended complaint has been reviewed as required by 28 U.S.C. § 1915A and remains deficient.

In general, Plaintiff complains that he was not provided appropriate medical care after he suffered a sprained ankle. Doc. 9. Specifically, Plaintiff states that approximately one month after his injury, he went to sick call and requested ankle support. *Id.* at 5. Presumably, Plaintiff was not provided any support on that date by Defendant Gay. Four days later, Defendant Pliskin told Plaintiff it would take about three months for his ankle to heal. *Id.* After three months, Plaintiff returned to sick call and was seen by Defendant Gay. Plaintiff complained that the "lack of support to his foot [was] causing him not to be able to bend his left foot (ankle) upwards." *Id.* Defendant

Gay examined him and scheduled Plaintiff to be examined by the doctor, but did not provide the ankle support. *Id.* Plaintiff was again examined by Defendant Pliskin who ordered follow-up x-rays. *Id.* Two months later, Defendant Pliskin told Plaintiff the x-rays revealed his ankle was "normal." *Id.* Defendant Gay told Plaintiff there was nothing that could be done for him. *Id.*

Plaintiff claims Defendants violated his Eighth Amendment rights and did not provide him with adequate medical care. *Id.* at 6. Plaintiff further contends that Defendant Clark violated his rights by failing to train her lower subordinates. *Id.* at 7. Plaintiff seeks $350,000.00 in compensatory damages and $25,000 in punitive damages.

Deliberate indifference to the serious medical needs of sentenced prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). A "'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002), *quoting* Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977). Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk of serious harm." Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009), *citing* Hill, 40 F.3d at 1188-89, and Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

Here, Plaintiff's injury was a sprained ankle, and such does not rise to the level of a "serious" medical need.  See Dotson v. Corr. Med. Servs., 584 F.Supp.2d 1063, 1068 (W.D. Tenn. 2008)(finding that Plaintiff's "ankle sprain" was not a "serious medical need" under the Eighth Amendment); Bacon v. Harder, 248 F.App'x 759 (7th Cir. 2007) (affirming summary judgment in defendants' favor and finding "[a]mple evidence in the record . . . that Bacon's ankle sprain did not constitute a serious medical need."). Furthermore, while Plaintiff complains of stiffness in the ankle, he does not allege he was kept in pain.  Plaintiff was timely and repeatedly seen for his ankle, and he was given medical treatment.  Thus, Plaintiff has not shown deliberate indifference by any named Defendant.  There are no factual allegations presented which would support a finding that any Defendant had a culpable state of mind to unnecessarily and wantonly inflict pain or harm to Plaintiff.  Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).  "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" is not sufficient to support an Eighth Amendment claim.  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991), citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).  See also Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993).  Because Plaintiff did not have a serious medical need and Plaintiff's dissatisfaction in not receiving ankle support does not reveal a viable Eighth Amendment claim, the second amended complaint is insufficient as to Defendants Pliskin and Gay.

Plaintiff has also not stated a claim against Defendant Clark.  For supervisory liability to exist under § 1983, a plaintiff must allege either personal participation by the

supervisor or "a causal connection existed between the actions of the supervising officials and the alleged constitutional deprivation." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (describing instances when a supervisor can be held liable under § 1983). There are no allegations which show that Defendant Clark had any involvement in Plaintiff's medical care and, thus, Defendant Clark was not deliberately indifferent to his health care needs. Moreover, because neither Defendant Gay or Pliskin violated Plaintiff's rights, Defendant Clark cannot be held liable for failing to train them.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 9, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 20, 2014.


 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**